# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAFE FLEET HOLDINGS LLC; SAFE FLEET ACQUISITION CORP.; SEON HOLDINGS CORP.; SEON DESIGN (USA) CORP.; REAR VIEW SAFETY, INC.; DANIEL PULSKAMP; TOM BRODSKY; TOM GILL; JOSEPH SCHECHTER; MATTHEW THOMPSON; JULIAN JIMENEZ; STEVEN KWAN,<br><br>*Movants,*<br><br>v.<br><br>AUTO ACTION TECHNOLOGIES, INC.,<br><br>*Respondent.* | CASE NO. _____<br><br>**UNDERLYING LITIGATION:**<br><br>*Hayden AI Technologies, Inc. v. Safe Fleet Holdings LLC; Safe Fleet Acquisition Corp.; Seon Holdings Corp.; Seon Design (USA) Corp.; Rear View Safety, Inc.; Daniel Pulskamp; Tom Brodsky; Tom Gill; Joseph Schechter; Matthew Thompson; Julian Jimenez; Steven Kwan; Individual One; Does 1-10*, Case No. 1:23-cv-03471-EK-JRC (E.D.N.Y.) |

## Movants' Motion to File Under Seal

Pursuant to Federal Rules of Civil Procedure 5.2 and 26(c), this District's Local Civil Rules, and the protective order in the underlying litigation (ECF 47), Movants Safe Fleet Holdings LLC, Safe Fleet Acquisition Corp., Seon Holdings Corp., Seon Design (USA) Corp., Rear View Safety, Inc., Daniel Pulskamp, Tom Brodsky, Tom Gill, Joseph Schechter, Matthew Thompson, Julian Jimenez, and Steven Kwan (collectively, "Movants") respectfully request this Court's permission to file under seal the Memorandum of Law in Support of Movants' Motion to Compel Third-Party Auto Action Technologies, Inc. and Exhibits D, E, and F thereto.

Movants' Memorandum should be sealed because it quotes and otherwise reflects information that Hayden (the plaintiff in the underlying litigation) designated "Confidential – Outside Attorneys' Eyes Only" under the terms of the court-ordered protective order in the

**MEMO ENDORSED**

**The Application is granted.**

**SO ORDERED:**

_Paul R. Gardephe_

Paul G. Gardephe, U.S.D.J.    Part I

Dated: May 11, 2026

1

underlying litigation.[1]  Accompanying this filing, Movants also file a public version of the Memorandum.  Counsel for Hayden and counsel for Auto Action have confirmed that the public version of the Memorandum does not expose any of their clients' confidential information.

Exhibit D should be sealed because it is a Hayden production document that it designated "Confidential – Outside Attorneys' Eyes Only" under the terms of the court-ordered protective order in the underlying litigation.  Exhibit E should be sealed because it reflects information that Hayden later advised was "Subject to Protective Order" under the terms of the court-ordered protective order in the underlying litigation.  Exhibit F should be sealed because it contains an email that Hayden advised was "Subject to Protective Order" under the terms of the court-ordered protective order in the underlying litigation.

While there a presumption that the public has the right to access court records, that right is not absolute.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute.").  Accordingly, the Court enjoys "considerable discretion" in determining whether certain court documents may be withheld from the public.  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 1997).  "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing."  *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009).

"Business information need not be a trade secret in order to warrant protection from disclosure under a protective order; however, trade secret law is instructive in gauging whether information constitutes sensitive business information."  *Uni-Systems, LLC v. United States Tennis Ass'n*, No. 17-cv-147 (KAM) (CLP), 2019 WL 3753780, at *4 (E.D.N.Y. Aug. 8, 2019) (E.D.N.Y.

---

[1] Movants take no position on Hayden's designations.

Aug. 8, 2019) (citing *In re Parmalat Sec. Litig.*, 258 F.R.D. at 245) (granting defendant's motion to seal or redact certain exhibits related to, among other things, pricing information, details relating to design and scope of work, supplier lists, and internal business communications because, upon review of those exhibits, the Court found that the parties demonstrated sufficient good cause to maintain the confidentiality of the information, outweighing the public's presumptive right of access). Protecting such confidential and commercially sensitive information is the standard situation warranting filing under seal. *See Encyclopedia Brown Prods, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing various court filings due to irreparable harm from disclosure of confidential business information).

Therefore, there is good cause to grant this motion to seal.

**Documents requested to be filed publicly:**

1. Redacted version of the Memorandum of Law in Support of Movants' Motion to Compel Third-Party Auto Action Technologies, Inc.

**Documents requested to be filed under seal:**

1. Confidential version of the Memorandum of Law in Support of Movants' Motion to Compel Third-Party Auto Action Technologies, Inc.

2. Exhibit D to the Declaration of Jordan LaVine in Support of Movants' Motion to Compel Third-Party Auto Action Technologies, Inc. ("LaVine Declaration"), which is a true and correct copy of the "Installer Master Services Agreement," produced in the underlying litigation with Bates numbers HAI_SF_00182766 – HAI_SF_00182788.

3. Exhibit E to the LaVine Declaration, which is a true and correct copy of email correspondences between Movants' counsel and Auto Action's counsel.

4. Exhibit F to the LaVine Declaration, which is a true and correct copy of email correspondences among Movants' counsel, Auto Action's counsel, and Plaintiff Hayden AI Technologies, Inc.'s counsel.

For the foregoing reasons, Movants respectfully request this Court's approval to file under seal certain documents in connection with Movants' Motion to Compel Third-Party Auto Action Technologies, Inc., as described above.

Dated: May 7, 2026

Respectfully Submitted,

*/s/ Jordan LaVine*
Jordan Andrew LaVine (No. 5061932)
Mark Basanta (*pro hac vice* pending)
**FLASTER GREENBERG P.C.**
295 Madison Avenue, 12th Floor
New York, NY 10017
Telephone: (212) 268-7111

Michael J. Bonella (*pro hac vice* pending)
Aakash K. Patel (*pro hac vice* pending)
**FLASTER GREENBERG P.C.**
1717 Arch Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 279-9393

*Attorneys for Movants Safe Fleet Holdings
LLC, Safe Fleet Acquisition Corp., Seon
Design (USA) Corp., Seon Holdings Corp.,
Rear View Safety, Inc., Daniel Pulskamp,
Tomas Brodsky, Tom Gill, Joseph Schechter,
Matthew Thompson, Julian Jimenez, and
Steven Kwan*

4

## Certificate of Service

I, Jordan LaVine, hereby certify that on the 7th day of May 2026, the forgoing documents were electronically filed and served on counsel via the court's ECF system and/or email.

/s/ Jordan LaVine
Jordan LaVine